v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 30, 1999.

Decided June 10, 1999.

Max A. Levine, Pittsburgh, for petitioner.

Jeffrey P. Schmoyer, Pittsburgh, for respondent.

Before McGINLEY, J., FLAHERTY, J. and RODGERS, Senior Judge.

McGINLEY, Judge.

D.P. petitions for review of the order of the Department of Public Welfare Bureau of Hearings and Appeal (Bureau) which adopted the recommendation of the Attorney Examiner to deny D.P.'s request to expunge an indicated report of child abuse naming him as a perpetrator. *See* Child Protective Services Law (CPSL), 23 Pa. C.S. §§ 6301–6385.

D.P. is the father of a daughter, E.P., born June 1, 1993. E.P. primarily resides with her mother, C.T., but at times stays with D.P. at D.P.'s mother's house. On May 4, 1997, a report of suspected child abuse was filed by C.T. at the emergency room of Latrobe Area Hospital. The Westmoreland County Children's Bureau (County) conducted an investigation and filed an "indicated report"[1] of child abuse naming D.P. as the perpetrator of sexual assault against E.P. on June 6, 1997. D.P. requested that the Department of Public Welfare (DPW) expunge the indicated report. DPW denied his request. D.P. then requested an administrative hearing on the matter.

An Attorney Examiner, DPW's designee, held hearings on May 22, 1998, and July 6, 1998. Elvira Fischer (Fischer), caseworker for the County, testified that she interviewed E.P. on May 5, 1998, and that E.P. told her that she slept in the same bed with D.P. when she visited him and that E.P. demonstrated with a doll how D.P. touched her vagina. D.P.'s counsel objected on the basis of hearsay. Notes of Testimony, May 22, 1998, (N.T. 5/22/98) at 35–36; Reproduced Record (R.R.) at 45a. Fischer also testified that D.P. told her that E.P. wet the bed and that he was cleaning her at the time of the alleged incident. N.T. 5/22/98 at 50; R.R. at 49a.

Kate Erwin, M.D. (Dr. Erwin), board-certified in general, child and forensic psychiatry, testified that she met with E.P. twice during a custody evaluation and then three more times to determine whether D.P.'s mother was to be allowed time with her. Dr. Erwin met with E.P., D.P. and D.P.'s mother. Dr. Erwin testified that E.P. told her that D.P. put his "pee pee" in her and demonstrated the same with a doll. N.T. 5/22/98 at 74; R.R. at 55a. Dr. Erwin concluded that D.P. was the perpetrator of sexual abuse upon E.P. N.T. 5/22/98 at 70; R.R. at 54a.

Michael John Zorch, M.D. (Dr. Zorch), the physician who treated E.P. at the emergency room at Latrobe Area Hospital, testified that his examination of E.P. revealed redness in the vaginal area which could have been the result of abuse or any number of other reasons. N.T. 5/22/98 at 144–145; R.R. at 72a. Andrea Shincovich

---

1. Section 6303(a) of the CPSL defines an "indicated report" as:
   [a] child abuse report made pursuant to this chapter if an investigation by the county agency or the Department of Public Welfare determines that substantial evidence of the alleged abuse exists based on any of the following:
   1. Available medical evidence.
   2. The child protective service investigation.
   3. An admission of the acts of abuse by the perpetrator.

23 Pa.C.S. § 6303(a).
Pursuant to Section 6336 of the CPSL, 23 Pa.C.S. § 6336, a central statewide registry is maintained of all "founded" and "indicated" reports of child abuse. *See also L.W.B. v. Sosnowski,* 117 Pa.Cmwlth. 120, 543 A.2d 1241 (1988). An entry of a founded or indicated report of abuse against a person in the central register may adversely affect that person's ability to obtain employment in a child-care facility or program or a public or private school. 23 Pa.C.S. § 6338.

(Shincovich), a social worker specializing in working with sexually abused children, testified that she met with E.P. twice and thought that something probably happened to her but did not draw any conclusion from her contact with E.P. Notes of Testimony, July 6, 1998, at 188; R.R. at 95a.

D.P. testified that he did not abuse his daughter.[2] E.P. did not testify. C.T. informed Fisher that she could not come to either hearing because she was working and that no one was available to bring E.P.

The Attorney Examiner determined that substantial evidence supported a finding of child abuse against D.P. and recommended that the Bureau deny D.P.'s request. The Attorney Examiner stated:

> Credible testimony was provided by all of the professionals but the testimony provided by the child psychiatrist was especially strong. The child psychiatrist related conversations which she had with subject child wherein subject child clearly alleged a sexual assault by Appellant [D.P.]. In addition, subject child expressed to the psychiatrist extreme fear of Appellant [D.P.] and her behavior was consistent with a child who had been sexually assaulted.

> It is the opinion of the undersigned that the evidence provided by the Department through the testimony of its witnesses and the documents which it presented rises to the level of substantial evidence necessary to justify a conclusion of sexual abuse by Appellant [D.P.] even though subject child never testified and the audiotape was not considered.

> The only evidence which connects the abuse to Appellant [D.P.] is the hearsay statements attributed to the subject child. These hearsay statements were corroborated through the testimony and

physical evidence provided through the licensed psychiatrist and the examining physician .... [h]earsay statements attributed to subject child can constitute substantial evidence if the hearsay is corroborated by medical evidence. The medical evidence herein, in conjunction with the evidence provided by the licensed social worker and the licensed psychiatrist, provide the requisite substantial evidence and show that Appellant [D.P.] sexually assaulted the subject child.

Adjudication, October 19, 1998, (Adjudication) at 5–6; R.R. at 116a–117a.

On November 23, 1998, the Bureau adopted the Attorney Examiner's recommendation in its entirety.

■■■ D.P. contends that the Bureau erred when it failed to grant his petition for expungement because the hearsay testimony of E.P. did not satisfy the requirements for the admissibility of a child's hearsay set forth in Section 5986 of the Judicial Code, 42 Pa.C.S. § 5986.[3]

In *A.Y. v. Commonwealth, Department of Public Welfare,* 537 Pa. 116, 641 A.2d 1148 (1994), our Pennsylvania Supreme Court announced guidelines for the use of hearsay statements of minor children in an expungement matter. The parents of a three year old girl, L.K., had reported an incident to the Child Protective Services Department of the Allegheny County Children and Youth Services Office (Agency) that A.Y., a babysitter, sexually abused L.K. An Agency caseworker interviewed L.K. who allegedly told the caseworker of the abuse and demonstrated it with an anatomically correct doll. The Agency filed an indicated report against A.Y, whose request for an expungement was

---

**2.** D.P.'s counsel objected to the admission of a tape recording of Fisher's interview with E.P. and the transcript of that interview. The Attorney Examiner admitted it but did not consider it in rendering his decision.

**3.** Our review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, and whether the necessary findings of fact are supported by substantial evidence. *E.D. v. Department of Public Welfare,* 719 A.2d 384 (Pa.Cmwlth.1998).

denied. A.Y. then appealed to the Bureau. *A.Y.*, 537 Pa. at 119–120, 641 A.2d at 1149. The Agency introduced testimony from the investigating caseworker, a representative of the Children's Hospital Family Intervention Center and L.K's mother. The hearing officer concluded that the Agency's witnesses provided substantial evidence in support of the indicated report of child abuse and recommended the denial of A.Y.'s appeal. The Bureau fully adopted the decision, and this Court affirmed. A.Y. then appealed to our Supreme Court and contended that the Office of Hearings and Appeals erred in basing its decision on hearsay evidence, the Agency's evidence failed to meet the necessary standard for the admissibility of hearsay evidence and that the evidence did not satisfy the standard to support a report of indicated abuse. *A.Y.*, 537 Pa. at 120–121, 641 A.2d at 1150.

Our Pennsylvania Supreme Court reasoned that because the Agency relied on its own employees' recitation of what a three year old child stated had occurred A.Y. was unable to review or challenge the evidence against her and the hearing officer had no opportunity to evaluate the evidence except through the "prism provided by the Agency." *A.Y.*, 537 Pa. at 125, 641 A.2d at 1152. The Supreme Court reversed and remanded and issued the following guidelines:

1. Hearsay testimony of a child victim will be admitted in accordance with the standards set forth in 42 Pa.C.S. § 5986, and this rule shall be applied to permit the testimony of the victim's parents and other family members as well as those professionals charged with investigating incidents of child abuse;

2. Hearsay testimony in conjunction with admissible corroborative evidence of the act(s) in question can *in toto* constitute substantial evidence which will satisfy the Agency's burden to justify a conclusion of abuse.

3. However, *uncorroborated* hearsay cannot satisfy the Agency's burden unless it comports with the following requirements:

a) the statement was accurately recorded by audio or video equipment;

b) the audio-visual record discloses the identity and at all times included the images and/or voices of all individuals during the interview of the minor; and

c) the statement was not made in response to questioning calculated to lead the minor to make a particular statement and was not the product of improper suggestion. (Emphasis in original.)

*A.Y.*, 537 Pa. at 126, 641 A.2d at 1153.

Our Supreme Court rendered its decision in *A.Y.* on May 10, 1994. At that time, Section 5986 (former Section 5986) provided:

A statement made by a child describing acts and attempted acts of indecent contact, sexual intercourse or deviate sexual intercourse performed with or on the child by another, not otherwise admissible by statute or court ruling, is admissible in evidence in a dependency proceeding initiated under Chapter 63 (relating to juvenile matters), involving that child or other members of that child's family, if a court finds that the time, content and circumstances of this statement provide sufficient indicia of reliability.

Former Section 5986 was amended on December 18, 1996, effective in sixty days. Section 5986 now provides:

A statement made by a child describing acts and attempted acts of indecent contact, sexual intercourse or deviate sexual intercourse performed with or on the child by another, not otherwise admissible by statute or court ruling is admissible in evidence in a dependency proceeding initiated under Chapter 63 (relating to juvenile matters), involving that child or other members of that child's family, if:

(1) the court finds, in an in camera hearing, that the evidence is relevant

and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

> (2) the child either:
>
>> (i) testifies at the proceeding; or
>>
>> (ii) is found by the court to be unavailable as a witness.

In the present case, the Attorney Examiner determined that the hearsay statements of Fisher, Dr. Erwin, and Shincovich were corroborated by the medical testimony of Dr. Zorch and therefore admissible. It is undisputed that following the guidelines the Pennsylvania Supreme Court enunciated in *A.Y.* under former Section 5986, this hearsay evidence would be admissible so long as the Attorney Examiner found that the time, content and circumstances of the statement had sufficient indices of reliability. However, D.P. contends that the Attorney Examiner did not follow the proper procedures outlined in Section 5986 to determine admissibility of the hearsay.

Here, the Attorney Examiner did not conduct an in camera hearing to determine the relevancy and reliability of the hearsay, the child did not testify and was not found to be unavailable as required under Section 5986. In fact the Attorney Examiner found that "the child was not permitted to testify as a result of the machinations of her mother." Adjudication at 5; R.R. at 116a.

It is clear that the hearsay testimony of E.P. would not be admissible under Section 5986. However, our Supreme Court's guidelines in *A.Y.* were written when former Section 5986 was in effect. The question for our review then is whether the Supreme Court's guidelines refer to the terms of former Section 5986 or Section 5986. DPW points out that the Supreme Court noted in *A.Y.* the standard for the admission of child hearsay testimony in a criminal proceeding which is very similar to Section 5986 but chose to apply the standard set forth in former Section 5986 relating to dependency proceedings.

However, the Supreme Court noted that Section 5985.1 of the Judicial Code, 42 Pa.C.S. § 5985.1, which sets forth the standards for child hearsay in criminal proceedings was not available at the time this Court in *Sosnowski* first referred to former Section 5986 as the statutory standard for expungement matters as well as dependency proceedings. *A.Y.*, 537 Pa. at 125 n. 9, 641 A.2d at 1152 n. 9. The Supreme Court based its guidelines on Rule 807 of the Uniform Rules of Evidence as proposed by the National Conference of Commissions on Uniform State Laws in 1986. *A.Y.*, 537 Pa. at 125 n. 8, 641 A.2d at 1152 n. 8.

We cannot agree that under the guidelines announced in *A.Y.*, courts and hearing officers are required to adhere to a standard for child hearsay in an expungement matter that the legislature has explicitly amended for dependency proceedings so that former Section 5986 is no longer the law. In fact, the guidelines state that "[H]earsay testimony of a child will be admitted in accordance with the standards set forth in 42 Pa.C.S. § 5986...." *A.Y.*, 537 Pa. at 126, 641 A.2d at 1153. The guidelines do not spell out the terms of former Section 5986 and do not state that only those specific terms must be used to evaluate child hearsay.

This Court addressed this issue indirectly in *J.K. v. Department of Public Welfare*, 721 A.2d 1127 (Pa.Cmwlth.1998). In *J.K.*, J.K. petitioned for review of a Bureau order that adopted the recommendation of a hearing examiner to deny his request to expunge an indicated report of child abuse naming him as the perpetrator. Although this Court decided the case on other grounds, J.K. raised the issue that because his expungement hearing was held after the effective date of the amendment to Section 5986 his case should be governed by Section 5986. This Court did not agree because the historical and statutory notes following Section 5986 stated that it was to apply only to actions that commenced after the effective date of the amendment. Be-

cause J.K.'s case commenced before the effective date of the amendment, this Court held that former Section 5986 applied. *J.K.*, 721 A.2d at 1131, n. 5. Interestingly, this Court did not determine that former Section 5986 applied because the new version was different. Indeed, if J.K.'s case had commenced after the effective date of Section 5986, it is likely that this Court would have applied Section 5986 rather than former Section 5986.

Here, the Attorney Examiner was required to rule on the admissibility of E.P.'s hearsay testimony in accordance with Section 5986. The Attorney Examiner failed to do so and admitted the testimony without an in camera hearing to determine the relevance and reliability of the testimony, without E.P. testifying and without a determination by the Attorney Examiner that E.P. was unavailable. Under Section 6341(c) of the CPSL, 23 Pa.C.S. § 6341(c), the burden of proof in an expungement matter rests with DPW or the local agency alleging abuse. *See A.P. v. Department of Public Welfare*, 696 A.2d 912 (Pa.Cmwlth. 1997). Without this hearsay evidence the Bureau's decision to deny D.P.'s expungement request is not supported by substantial evidence, and DPW did not meet its burden.

Accordingly, we reverse and remand to the Bureau to enter an order granting the expungement request of D.P.

### *O R D E R*

AND NOW, this 10th day of June, 1999, the order of the Department of Public Welfare, Bureau of Hearings and Appeals is reversed and the case is remanded for the Department of Public Welfare, Bureau of Hearings and Appeals to enter an order granting the expungement request of D.P. Jurisdiction relinquished.